NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DIODORO CORTINA, JR., *Appellant.*

No. 1 CA-CR 16-0877
FILED 11-14-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-155194-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

¶1        Diodoro Cortina, Jr. appeals his convictions and sentences for possession or use of narcotic drugs and possession of drug paraphernalia. Cortina's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal. Cortina was given the opportunity to file a supplemental brief but did not do so.

¶2        Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Cortina. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3        On October 21, 2014, Officer Merkel recognized Cortina as having an outstanding arrest warrant so he placed Cortina under arrest. Merkel searched Cortina incident to the arrest and found in his backpack two syringes, a spoon with black burn marks, a plastic container with a razor blade, a piece of cotton, a lighter, and black tar heroin in Cortina's backpack. Cortina later admitted that the heroin in his backpack was worth three to five dollars, and that he planned to use the heroin to keep from getting sick. The items Merkel found in Cortina's backpack were consistent with the intravenous use of heroin. A forensic scientist tested the substance, confirmed it was heroin, and found it weighed 0.11 grams, a usable quantity of heroin.

¶4        A jury found Cortina guilty of possession or use of narcotic drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony. The superior court imposed a mitigated, concurrent sentence of eight and one-half years for the class 4 felony and three years for the class 6 felony, with credit for 240 days presentence incarceration credit. This timely appeal followed.

**¶5** After a thorough review of the record, we find no reversible error. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Cortina was represented by counsel at all stages of the proceedings against him. Except for a brief period when the superior court answered a jury question, at which counsel waived Cortina's presence, Cortina was present at all critical stages. The evidence presented supports that the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Cortina's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. We therefore affirm the convictions and the resulting sentences.

**¶6** Defense counsel's obligations pertaining to Cortina's representation in this appeal have ended. Counsel need do no more than inform Cortina of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Cortina has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Cortina has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA